## Case No. 510.

### ARDEN v. BROWN.

### [4 Cranch, C. C. 121.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

STATUTE OF FRAUDS — SALE OF LAND AT PUBLIC AUCTION—EQUITABLE INTEREST —PAROL AGREEMENT BETWEEN PURCHASERS.

1. Sales at public auction are not within the statute of frauds.

2. The statute of enrolment of conveyances, 1766, c. 14, relates to estates at law only, not to the transfer of equitable interests.

3. A contract to sell land, or an equitable interest in land, is not void for want of acknowledgment and enrolment.

4. A parol agreement among the purchasers at a public sale, is void under the statute of frauds.

In equity. Bill in equity, filed August 14, 1829, stating that the plaintiff, on the 12th of July, 1826, purchased, for a valuable consideration, half of H. Langley's interest in the property called the Indian Queen Hotel, in Washington, District of Columbia, which interest was one seventh. That Langley, by an instrument in writing, signed by him, assigned to plaintiff one half of that interest, and to the defendant, Jesse Brown, the other half. That Langley was a joint purchaser with the defendant, Brown, and others, of the whole premises, in the name of Brown, who received a conveyance of the same from the commissioners, who sold the same under a decree of this court, in the Case of Crawford's Heirs. That the plaintiff had offered repeatedly, to the commissioners, to comply with the terms of the sale, for the moiety of Langley's interest, but that they refused to permit him so to do. That Brown has refused to recognize him as assignee of Langley, &c.

Mr. Wallach, for plaintiff.

Mr. Marbury and Mr. Coxe, for defendant.

CRANCH, Chief Judge, after stating the substance of the bill, answer, and evidence, in delivering the opinion of the court, said: In bar of the plaintiff's claim, under the assignment of Mr. Langley, the defendant pleads the statute of frauds, and the statute of enrolment of conveyances. Sales at auc-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tion are considered out of the statute of frauds, because it has been decided that the auctioneer, or his clerk, is the agent of the purchaser, and authorized by him to sign his name in the sales-book which contains the terms of sale; and that his entry in the book is a memorandum in writing, of the agreement, signed by a person thereunto lawfully authorized by the person to be charged therewith agreeably to the 4th section of the statute of 29 Car. II. c. 3. Mr. Langley, therefore, on the 12th of July, 1826, had a valid interest in the property, which he could, in equity, assign. His assignment to Mr. Arden was by a written agreement, signed by both of them, and therefore not within the statute of frauds.

The statute of enrolment of conveyance, 1766, c. 14, relates to estates at law only, not to the transfer of equitable interests. The words are, "No estate of inheritance, or freehold, or any declaration or limitation of use, or any estate for above seven years, shall pass or take effect, except the deed or conveyance by which the same be intended to pass or take effect, shall be acknowledged," &c., and enrolled, &c. It is believed that it has never been decided, that a contract to sell land, or an equitable interest in land, is void for want of acknowledgment and enrolment. Neither the statute of frauds nor the statute of enrolment is a bar to plaintiff's claim, under the assignment of Mr. Langley. On the 13th of July, 1826, the plaintiff had as good a right to complete the sale, by a compliance with its terms, as Mr. Langley had. The time for complying with the terms of sale was not limited by the advertisement, nor by any verbal notice at the time of sale. The terms advertised, were: "One fourth of the purchase-money in six months, the remainder in equal instalments of one, two, three, four, and five years; the interest to be paid annually upon the whole amount; the several payments to be secured in such manner as the commissioners may hereafter determine and fix upon." A reasonable time, therefore, must have been allowed for the purchasers to obtain and tender to the commissioners the security for the payment of the purchase-money.

The plaintiff, in his bill, has averred that he repeatedly offered to comply with the terms of sale, for the moiety of Langley's interest; but he does not say when he made the offer, nor that it was made before the commissioners had returned Mr. Brown, as the purchaser. Nor does it appear by any averment or evidence in this cause, that the commissioners had any notice of the plaintiff's claim, as assignee of Langley, until after they had made their report to the court. The defendant, indeed, does not deny that the offer was made, but he avers, that if any agreement was made, by which the plaintiff acquired any interest in the purchase, he never complied with the terms

thereof, nor made the payments, nor gave the securities required by the conditions of sale. If the commissioners had no notice of the plaintiff's claim, as assignee of Mr. Langley, they could have received from him no offer to comply with the terms of sale, as to that portion of the property; and there is no pretence that Mr. Langley had ever offered to comply with those terms, as to any part of the property. The commissioners were the sole judges of the security to be offered, and of the time within which it should be received, as a compliance with the terms of sale. It was certainly too late to offer it, after the commissioners had reported to the court, and returned Mr. Brown as the purchaser and he had complied with the terms of sale. The plaintiff, by the assignment from Mr. Langley, acquired only an inchoate right—a right to complete the sale, by giving the requisite security in a reasonable time. There is no complaint that a reasonable time was not given, and no evidence that the security was offered within that time. The plaintiff's right, therefore, was never complete, and he lost the benefit of his inchoate right by not complying with the terms of sale. But the plaintiff claims to be considered as a joint purchaser of one seventh of the property, under a verbal agreement among the purchasers, on the evening of the day after the sale. This, however, being a mere verbal agreement, is void under the statute of frauds. Upon the whole, therefore, the court is of opinion that the plaintiff has not made out any claim to the property which can be supported either in law or in equity, and that his bill must be dismissed with costs. The other judges concurred.